UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose CONTRERAS–JIMENEZ,
Defendant–Appellant.

No. 06–40127
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

May 8, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH and WIENER, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

The Appellant Jose Contreras–Jimenez ("Contreras") pleaded guilty to being illegally present in the United States following deportation, in violation of 8 U.S.C. § 1326(a) & (b). On December 27, 2004, the district court sentenced him to serve 15 months in the custody of the Bureau of Prisons followed by 3 years of supervised release.

Contreras appealed from the judgment of conviction and sentence, arguing that his prior conviction for possession of a controlled substance was not an aggravated felony and challenging the constitutionality of the sentencing enhancement he received based on this finding. We affirmed the judgment.[1]

Contreras filed a timely petition for a writ of certiorari with the United States Supreme Court. The Court granted the petition, vacated our judgment, and remanded the case to this court for further consideration in light of *Lopez v. Gonzales*.[2]

In *Lopez,* the Supreme Court held that a state felony conviction for simple possession of a controlled substance that was not punishable as a felony under the federal Controlled Substances Act was not a "drug trafficking crime" under 18 U.S.C. § 924(c) and hence not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B).[3]

Contreras argues that, in light of *Lopez,* his conviction for possession of a controlled substance does not qualify as an aggravated felony because that crime was punishable only as a misdemeanor under the federal Controlled Substances Act and,

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See United States v. Contreras–Jimenez,* 195 Fed.Appx. 271 (5th Cir.2006).

2. —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

3. *Lopez,* 127 S.Ct. at 629–633.

accordingly, the district court erred in enhancing his sentence based on the conviction.

On remand, the parties advise that Contreras completed the imprisonment component of his sentence and was deported to Mexico, although his term of supervised release is ongoing. Under these circumstances, even assuming *Lopez* error, because the defendant has been deported and is unable (without the permission of the Attorney General) to reenter the United States and be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot.[4] The appeal is therefore DISMISSED.

---

**4.** *See United States v. Rosenbaum–Alanis,* 483 F.3d 381 (5th Cir.2007).